IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING
2016 NOV 30 AM 9:49
STEPHAN HARRIS, CLERK
CHEYENNE

JOHN ROBERT DEMOS and the
SOCIETY OF T.R.U.T.H.,

    Plaintiff,

vs.

ATRIA GROUP, INC., et al,

    Defendants.

Case No. 16-CV-287-F

## ORDER DISMISSING COMPLAINT

Plaintiff John Robert Demos and the Society of T.R.U.T.H. filed this Complaint seeking damages against Atria Group, Lorillard Inc., Phillip Morris Intl. Inc., and Reynolds American Inc. based on a number of alleged anti-trust allegations. Demos also filed a motion to proceed in forma pauperis. The Court has reviewed Demos's filing and finds Demos has failed to state a claim in his Complaint.

It is within the Court's discretion whether or not to authorize commencement and prosecution of a civil lawsuit without prepayment of fees. 28 U.S.C. § 1915(a)(1); *Lewis v. Center Market*, 378 Fed.Appx. 780, 784 (10th Cir.2010)(unpublished)(citing 28 U.S.C. §1915(a)). "[A] plaintiff seeking to proceed IFP before the district court" must not only show "a financial inability to pay the required filing fees," but the existence of a "reasoned, nonfrivolous argument on the law and the facts in support of the issues raised in the action". *Lewis*, 378 Fed.Appx. at 785 (citing *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005)(Section 1915(a) applies to all persons applying for IFP status, and not just to prisoners)).

1

Because Demos seeks to proceed IFP, the litigation process begins with the Court screening his Complaint. Specifically, 28 U.S.C. § 1915(e)(2)(B) states that the Court shall dismiss the Complaint if the Court determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

Demos is acting pro se, as such, the Court construes his pleadings liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Garza v. Davis*, 596 F. 3d 1198, 1201 n.2 (10th Cir. 2010). Meaning, the court will "make some allowances for the pro se plaintiff's . . . unfamiliarity with pleading requirements." *Garrett v. Selby Conner Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Under Federal Rule Civil Procedure 8(a)(2), a pleading stating a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

It is the plaintiff's burden to frame his complaint with enough factual information to suggest he is entitled to the relief he seeks. *Bell Atl. Corp. v. Twombly*, 50 U.S. 544, 556 (2007). Conclusory allegations are not sufficient to withstand a motion to dismiss. *Gallagher v. Shelton*, 587 F.3d 1063, 1068 (10th Cir. 2009). "Thus, mere 'labels and conclusions' and a 'formulaic recitation of the elements of a cause of action' will not suffice. Accordingly, in examining a complaint under Rule 12(b)(6), [the court] will

2

disregard conclusory statements and look only to whether the remaining factual allegations plausibly suggest the defendant is liable." *Khalik v. United Air Lines*, 671 F.3d 1191, 1190 (10th Cir. 2012) (quoting *Twombly*, 550 U.S. at 555).

**Factual Allegations**

In reviewing Demos's factual allegations, he claims the Defendants' practices are a threat to the free market and are a restraint on trade related to the sale of smoking tobacco. Demos also makes several other conclusory statements. All of Demos's allegations can be characterized as conclusory allegations, without any factual support. There is no statement of any specific fact or any statement of how these events occurred in Wyoming, making this a proper venue for the alleged activities.

As such Demos has failed to state a claim upon which relief can be granted. While the Court understands that Demos is pro se, the Court still requires some amount of specificity in the Complaint, so the Court can evaluate whether Demos has asserted a claim for relief. Also, given the nature of the allegations, the Court does not believe that providing an opportunity to amend will result in any claims for relief that would be proper in this Court.

IT IS ORDERED that Plaintiff's Motion to Proceed In Forma Pauperis is **DENIED**.

IT IS FINALLY ORDERED that Plaintiff's Complaint is **DISMISSED**.

Dated this 29 day of November, 2016.

NANCY D. FREUDENTHAL
UNITED STATES DISTRICT JUDGE